```
                    UNITED STATES BANKRUPTCY COURT
                     WESTERN DISTRICT OF VIRGINIA
                        HARRISONBURG DIVISION
```

IN RE:

**MELISSA L. MURPHY**                              Bankr. No. **13-50284**
                                                   Chapter 7
Debtor


**GEORGE I. VOGEL, TRUSTEE,**

    Plaintiff,

v.                                                 A.P. No. **13-_____**

**MELISSA L. MURPHY, also appearing**
**of record as MELISSA L. SMITH**

    serve:

    766 Cherry Ave.
    Waynesboro, VA   22980

    Lucy Ivanoff
    Ivanoff Law
    counsel for debtor
    1 South Market St.
    Staunton, VA   24401

**EDWARD A. SMITH,**

    serve:

    766 Cherry Ave.
    Waynesboro, VA   22980

**JOYCE A. HARLOW,**

    serve:

    516 Chateau Lane
    Waynesboro, VA   22980

**KPD INC PORT-A-JOHNS,**

    serve:

    Douglas L. Campbell, Registered Agent
    KPD Inc.
    66 International Ln
    Staunton, VA   24401

and

**COMMONWEALTH OF VIRGINIA, DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT,**

    serve:

    Margaret Schultze, Commissioner
    Virginia Department of Social Services
    801 E. Main St.
    Richmond, VA   23219-2901

    Defendants.

COMPLAINT TO SELL REAL ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES AND THE INTEREST OF A CO-OWNER PURSUANT TO 11 U.S.C. § 363 AND FOR THE DETERMINATION OF THE EXTENT, VALIDITY, AND PRIORITY OF CERTAIN LIENS AND INTERESTS

The plaintiff, George I. Vogel, Trustee in Bankruptcy of Melissa L. Murphy, states as follows for his complaint to sell real estate free and clear of liens and encumbrances and the interest of a co-owner, and for a determination of the extent, validity, and priority of certain liens and interests affecting the real estate:

1. This is an action pursuant to 11 U.S.C. § 506 to determine the extent, validity, and priority of certain liens and interests affecting property of the estate and for an order pursuant to 11 U.S.C. § 363 authorizing the sale by the plaintiff of certain property of the estate free and clear of liens and of the interest of a cotenant of the estate, and as such, this Court has jurisdiction over the matters herein alleged pursuant to 28 U.S.C. § 1334. The matters constitute a core proceeding within the meaning of 28 U.S.C. § 157.

2. The plaintiff is the duly qualified and acting trustee in the bankruptcy of Melissa L. Murphy, who filed a petition

under Chapter 13 of the United States Bankruptcy Code on March 5, 2013, which proceeding was converted to one under Chapter 7 on April 3, 2013.

    3.   The debtor-defendant has an interest in certain real estate located in the City of Waynesboro, Virginia, being described as:

> All those certain lots or parcels of land, together with all buildings and improvements thereon, rights,, privileges and appurtenances thereunto belonging or in anywise appertaining, lying and being in the City of Waynesboro, Virginia, described and designated as Lots Numbers Ten (10), Eleven (11) and a portion of Lots Numbers Twelve (12) and Thirteen (13), in Block Number Forty-three B (43B), Forest Hill Subdivision, and Lot Number Sixteen (16) in Block Number Three (3), Section Two (2), Rose Cliff Subdivision, as shown on a plat prepared by Clark & Associates dated September 29, 1959, of record in the Waynesboro Circuit Court Clerk's Office in Deed Book 46 at page 163.

The aforesaid real estate [hereinafter referred to as "the Property"] has the physical address of 766 Cherry Ave., is designated as Waynesboro City Tax Map No. 54 4 43B- 10, Record No. 102921, and is the same property conveyed to Edward A. Smith and Melissa L. Smith by deed from Drew A. Copeland and Alan L. Copeland dated November 18, 2011, of record in the Waynesboro City Circuit Clerk's Office as Instrument No. 110002206.

    4.   The aforesaid deed purports to convey the Property to "Edward A. Smith and Melissa L. Smith, husband and wife, as tenants by the entirety with the common law right of survivorship."

    5.   The Melissa L. Smith named in the aforesaid deed is one and the same person as Melissa L. Murphy, the debtor-defendant herein, and the intent of the parties to the deed was to convey an interest in the property to Melissa L. Murphy.

Vogel & Cromwell, L.L.C.

Roanoke VA

      6.   At the time of the execution, delivery, and recordation of the aforesaid deed, and at all times thereafter, Edward L. Smith and Melissa L. Murphy were not married.

      7.   On July 16, 2012, Joyce A. Harlow as plaintiff caused a memorandum of <u>lis pendens</u> against Edward A. Smith and Melissa L. Smith as defendants to be filed of record in the Waynesboro City Circuit Clerk's Office as Instrument No. 120001452.  The memorandum gives notice of the filing of a proceeding in the Circuit Court of the City of Waynesboro Circuit Court, No. CL12000275-00, seeking to obtain recession of the aforesaid deed on grounds of intrinsic and absolute fraud or unjust enrichment.

      8.   On July 24, 2012, Joyce A. Harlow as plaintiff caused an order for a temporary injunction obtained in the City of Waynesboro Circuit Court against Edward A. Smith and Melissa L. Smith in Case No. CL12000275-00 to be spread of record among the land records in the Waynesboro City Circuit Clerk's Office as Instrument No. 120001499.  The order provides that it shall constitute a lien and encumbrance upon the Property, and bars the defendants from attempting to sell, lease, transfer, encumber, or dispose of the Property.

      9.   A lien for support debt in favor of Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement, against Edward A. Smith in the amount of $33,953.29, entered administratively October 22, 2012, was docketed in the Waynesboro City Circuit Clerk's Office October 24, 2012, as Instrument No. 120000776.

      10.   A judgment in favor of Joyce A. Harlow against Edward A. Smith and Melissa L. Smith in the principal amount of

Vogel & Cromwell, L.L.C.

Roanoke VA

$13,827.32, entered in the Waynesboro General District Court September 28, 2012, was docketed October 31, 2012, as Judgment Lien Image No. 120000791.

11. A judgment in favor of Joyce A. Harlow against Edward A. Smith and Melissa L. Smith in the principal amount of $10,675.66, entered in the Waynesboro General District Court September 28, 2012, was docketed in the Waynesboro City Circuit Clerk's Office October 31, 2012, as Judgment Lien Image No. 120000792.

12. A judgment in favor of KPD Inc Port-a-Johns against Edward A. Smith in the principal amount of $309.93, entered in the Rockingham County/Harrisonburg General District Court March 15, 2013, was docketed in the Waynesboro City Circuit Clerk's Office April 11, 2013, as Judgment Lien Image No. 130000263.

13. A lien for support debt in favor of Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement, against Edward A. Smith in the amount of $3,268.00, entered administratively July 22, 2013, was docketed in the Waynesboro City Circuit Clerk's Office July 24, 2013, as Instrument No. 130000507.

14. A judgment in favor of Joyce A. Harlow against Edward A. Smith in the principal amount of $134,556.17, entered in the Waynesboro Circuit Court September 4, 2013, in case No. CL12000291-00, was docketed in the Waynesboro City Circuit Clerk's Office September 6, 2013, as Judgment Lien Image No. 130000633.

15. A judgment in favor of Joyce A. Harlow against Edward A. Smith in the principal amount of $241,000.00, entered in the

Waynesboro Circuit Court September 4, 2013, in case No. CL12000275-00, was docketed in the Waynesboro City Circuit Clerk's Office September 6, 2013, as Judgment Lien Image No. 130000634.

16. On information and belief, the defendants named in the aforesaid memorandum, order, liens, and judgments are one and the same persons as the grantees in the deed conveying the Property to Edward A. Smith and Melissa L. Smith, the Melissa L. Smith named therein being one and same person as Melissa L. Murphy.

17. Melissa L. Murphy has filed a claim of homestead in the Property in the amount of $5,300 by homestead deed dated June 18, 2013, recorded in the Waynesboro City Circuit Clerk's Office June 20, 2013, as Instrument No. 130001586. The bankruptcy schedules filed by Melissa L. Murphy assert a claim of exemption in the amount of $4,800 in the Property.

18. The Property is assessed for purposes of taxation at a value of $133,500.00.

### COUNT I - DETERMINATION OF OWNERSHIP INTERESTS IN THE PROPERTY AND OF THE EXTENT, VALIDITY, AND PRIORITY OF LIENS

19. The plaintiff reasserts and realleges the allegations set forth in Paragraphs 1 through 18, above.

20. The interests conveyed to the grantees under the deed of November 18, 2011, and the extent, prior, and validity of the memorandum, order, liens, and judgments are in bona fide dispute.

21. The effect of the deed of November 18, 2011, was to convey a one-half undivided interest in the Property to Melissa L. Murphy as tenant in common with Edward A. Smith as co-tenant, and this Court should enter an order so declaring.

Vogel & Cromwell, L.L.C.

Roanoke VA

22. Melissa L. Murphy is entitled to a homestead exemption in her one-half undivided interest in the property, but only to the extent of the $4,800.00 exemption asserted on her bankruptcy petition and available to her after deducting other claims of exemption made under Va. Code Ann. § 34-4 from the $5,000.00 exemption available pursuant to that statute.

23. The one-half undivided interest of Melissa L. Murphy in the Property is subject to the liens of the judgments of record as Judgment Lien Image Nos. 120000791 and 120000792, in that order of priority, the obligation giving rise to both liens being joint with Edward A. Smith, and this Court should enter an order so declaring.

24. The one-half undivided interest of Edward A. Smith in the Property is subject the liens of the liens and judgments of record as Judgment Lien Image Nos. 120000776, 120000791, 12000792, 130000263, 130000507, 130000633, and 130000634, in that order of priority, the obligation giving rise to the liens of record as Judgment Lien Image Nos. 120000791 and 120000792 being joint with Melissa L. Murphy, and this Court should enter an order so declaring.

COUNT II - SALE FREE AND CLEAR OF LIENS AND ENCUMBRANCES

25. The plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 24.

26. The interest in the Property of the judgment creditor defendants is in bona fide dispute, and the Property will be of significant value to the bankruptcy estate of the debtor-defendant upon a determination that the debtor-defendant has a one-half undivided interest in the Property, unencumbered by the

liens arising against the interest of Edward A. Smith.

### COUNT III – SALE OF INTEREST OF CO-OWNER

27. The plaintiff reasserts and realleges the allegations set forth in Paragraphs 1 through 26 above.

28. The debtor-defendant and Edward A. Smith hold the Property as tenants in common.

29. Partition in kind of the aforesaid Property between the estate and the co-owner is impracticable.

30. The sale of the estate's undivided interest in such Property would realize significantly less for the estate than sale of such Property free of the interest of the co-owner.

31. The benefit to the estate of a sale of the aforesaid Property free of the interests of the co-owner outweighs the detriment, if any, to the co-owner.

32. The aforesaid Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

WHEREFORE, the plaintiff prays that the Court determine that the Property is owned by Melissa L. Murphy and Edward A. Smith as tenants in common; that the Court determine that the one-half undivided interest of Melissa L. Murphy in the Property is subject to a valid claim of homestead exemption only to the extent of $4,800.00, and is subject to the liens of the judgments of record as Judgment Lien Image Nos. 120000791 and 120000792, in that order of priority, the obligation giving rise to both liens being joint with Edward A. Smith; that the Court determine that the one-half undivided interest of Edward A. Smith in the Property is subject the liens of the assessment and judgments of

Vogel &
Cromwell, L.L.C.

Roanoke VA

record as Judgment Lien Image Nos. 120000776, 120000791, 12000792, 130000263, 130000507, 130000633, and 130000634, in that order of priority, the obligation giving rise to the liens of record as Judgment Lien Image Nos. 120000791 and 120000792 being joint with Melissa L. Murphy; that the Court enter an order authorizing and directing the Trustee to sell the Property, free and clear of the interest of the debtor-defendant and Edward A. Smith, and free and clear of the liens of the said assessment, order, and judgments, at public or private sale and for such amount and pursuant to such terms as the plaintiff may deem to be in the best interest of the debtor-defendant's estate, first paying from the proceeds of sale normal settlement costs and all outstanding obligations for real property taxes, with such liens and the interest of Edward A. Smith, if any, being impressed upon the proceeds of the sale; that Edward A. Smith be afforded the right to purchase the said Property at a price upon which such sale is to be consummated; and that the Trustee have such further relief as the nature of this case may require.

        GEORGE I. VOGEL, Trustee in Bankruptcy of
MELISSA L. MURPHY

        By: \s\ James R. Cromwell
            counsel

James R. Cromwell, Esq.
Bar No. 16146
VOGEL & CROMWELL, L.L.C.
P.O. Box 18188
Roanoke, VA   24014
(540)982-1220
fax (540)982-0422
jcromwell@vogelandcromwell.com
counsel for plaintiff