UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG (STAUNTON) DIVISION

In re:                                    Case No. **13-50284**
                                          (Chapter 7)
**MELISSA L. MURPHY**

Debtor(s).

**APPLICATION BY TRUSTEE TO EMPLOY
VOGEL AND CROMWELL, L.L.C. AS ATTORNEY FOR THE TRUSTEE**

NOW COMES George I. Vogel, II, trustee of the above-captioned case, who applies to the Court for authority to employ an attorney, pursuant to 11 U.S.C. §327(a), and who in support states as follows:

1. On March 5, 2013 an order for relief under Chapter 13 of the Bankruptcy Code was entered in this case. On April 3, 2013 this case was converted to a Chapter 7.
2. The undersigned is the duly appointed or elected trustee in this case.
3. The trustee desires to employ Vogel & Cromwell, L.L.C. in the professional capacity of attorney for the trustee.
4. The legal services to be rendered and the estimated cost for each such service are as follows:
   a. Examine title to real estate in which the Debtor owns a one-half undivided interest and to file a complaint to sell it free and clear of liens and the interest of the co-tenant.
      Estimated fee for title exam:           **$500.00**
      Estimated fee for preparing,
      filing and prosecuting complaint:       **$6,500.00**
5. The Trustee has made the following personal efforts to resolve this matter on his own: N/A. This is a matter that is not subject to a resolution by negotiation.
6. The total fees and cost for said legal services shall not exceed **$7,000.00** without further order of the Court.
7. The hourly rate(s) charged by the applicant are as follows $ **195.00** per hour to $ **225.00** Partners. $ **45.00** per hour for paraprofessionals. Applicant understands and agrees to keep detailed records of time and expenses.
8. Vogel & Cromwell, L.L.C. is experienced in the matters for which applicant is to be employed and is qualified to represent the trustee.

9. In this case, the trustee has made the following efforts to obtain comparable services at a lower cost: Trustee is of the opinion that the rates or fixed fees for comparable work are likely to exceed the amount estimated to be charged by Vogel & Cromwell, L.L.C. Vogel & Cromwell, L.L.C. routinely engages in this type of work and believes it can perform the work in less time than it would take another law firm to set up its files, perform the work and represent the trustee. The trustee is aware of the rates and fixed fees normally charged for this type of work in the area and believes that the fees charged by Vogel & Cromwell, L.L.C. will not be more than such fees as normally are charged. Further, at this point there are no funds in this case and unless Trustee is successful in selling the real estate there will not be funds to pay an attorney for the trustee. Vogel & Cromwell, L.L.C. is willing to do this work with the understanding that it may not be paid, whereas other law firms are likely not to agree to such a fee arrangement.

10. For the following reasons, the trustee believes it is in the best interests of the estate to employ the above-named attorney or firm to perform the services set forth at the cost set forth: Vogel & Cromwell, L.L.C. routinely engages in bankruptcy and real estate related matters and is prepared to immediately perform same and believes it can do so much quicker then negotiating with other law firms in engaging another law firm to do the work. That there may not be funds in this case to pay an attorney for the trustee and Vogel & Cromwell, L.L.C. is willing to perform the work with this understanding. George I. Vogel, II has 41 years experience in bankruptcy and real estate related matters.

11. The trustee has read the attorney's affidavit of disinterest attached hereto and made a part hereof made pursuant to F.R.B.P. 2014 and to the best of the trustee's knowledge believes the affidavit to be true and correct.

12. No fees shall be paid to said attorney or firm except upon proper application to and approval by the Court.

13. That Vogel & Cromwell, L.L.C. began work on this case on July 22, 2013 but this application was inadvertently not filed promptly and the Trustee has recently discovered that the application to employ Vogel & Cromwell, L.L.C. was not earlier filed. That the Trustee therefore

requests that the order authorizing the Trustee to employ Vogel & Cromwell, L.L.C., as attorney for the trustee be entered *nunc pro tunc* as of July 22, 2013.

WHEREFORE, the trustee requests an Order authorizing the trustee to employ the above-referenced attorney or firm in accordance with the terms and provisions of this application. The trustee does not intend to file a brief in connection with this application, but reserves the right to file a responsive brief, if necessary.

By: _____
George I. Vogel, II, Trustee

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify

( X ) that a true and correct copy of the application to appoint attorney for trustee has been served on the U.S. Trustee, by first class mail on the 21st day of March, 2014.

(   ) that timely service has been waived by the U.S. Trustee by its endorsement of the order as Seen and No Objection.

By: _____
(Applicant)

### AFFIDAVIT OF DISINTEREST PURSUANT TO BANKRUPTCY RULE 2014(A)

COMMONWEALTH OF VIRGINIA:
CITY OF ROANOKE

NOW COMES George I. Vogel, II who makes the following statement under oath:

1. I am an attorney authorized to practice my profession under the laws of the Commonwealth of Virginia.
2. I am an employee or am otherwise associated with the firm of Vogel & Cromwell, L.L.C., located at 204 McClanahan Street, SW, Roanoke, VA 24014.
3. The trustee has asked that I perform the professional services as set forth on the trustee's application for employment on behalf of the estate. I am experienced and qualified in the matters for which I am to be employed as set forth in the Application.
4. Neither I nor the firm with which I am associated:
    a. is a creditor, an equity security holder or an insider of the debtors;
    b. is an investment banker for any outstanding security of the debtors;

    c.    is or has been, within three years before the date of the filing of the petition in this case, an investment banker for securities of the debtors, or an attorney for an investment banker in connection with securities of the debtors;

    d.    is or has been, within the two years before the date of the filing of the petition in this case, a director, officer, or employee of the debtors or an investment banker specified in subparagraph b or c; and

    e.    has any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtors or an investment banker specified in subparagraph b or c, or for any other reason.

5. To the best of my knowledge, neither I nor the firm with which I am associated holds or represents any interest adverse to the interest of the estate. Neither I nor the firm with which I am associated has any connection with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as described as follows: NONE.

6. Neither I nor the firm with which I am associated has shared or agreed to share and will not share or agree to share, any compensation paid to it with any other person. Neither I nor the firm with which I am associated has received a retainer in this case.

7. The hourly rate(s) charged by my firm and by me are as follows $ **195.00** per hour to $ **225.00** Partners. $ **45.00** per hour for paraprofessionals. I understand that I must keep detailed records of time and expenses.

Dated this 21st day of March, 2014

George I. Vogel, II,

Subscribed and sworn to before me this 21st day of March, 2014.

Notary Public, Commonwealth of Virginia
My commission expires July 31, 2014

[Notary Seal: KRISTIE D. BROWN, NOTARY PUBLIC, REG. #226744, MY COMMISSION EXPIRES 7/31/2014, COMMONWEALTH OF VIRGINIA]